**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 24-mc-23740-BLOOM/Elfenbein**

In re:

THE APPLICATION OF MADELINE HABIB,
TOMAS HABIB, AND AUSTINA HABIB,
FOR AN ORDER TO TAKE DISCOVERY
PURSUANT TO 28 U.S.C. § 1782

_____/

### ORDER ON EX PARTE APPLCIATION FOR DISCOVERY

**THIS CAUSE** is before the Court upon the Application of Madeline Habib, Thomas Habib, and Agustina Habib (collectively "the Applicants") for an Order to take discovery pursuant to 28 U.S.C. § 1782, ECF No. [1] (the "Application"). The Court has reviewed the Application and is otherwise fully advised. For the reasons that follow, the Application for discovery is granted.

## I. BACKGROUND

This matter arises from a probate proceeding in Civil Court No. 108 in Buenos Aires, Argentina, involving Hector Habib's (the "Deceased") estate, which allegedly includes United States Bank accounts. *See* ECF No. [1-3] at 3. The foreign proceeding is currently pending the final distribution of the Deceased's estate. *See id.* The Applicants assert they are heirs to the Deceased's estate and claim they have "received less than their share of the estate" because Gustavo Carlos Habib and Marta Carolina Habib (collectively the "Fraudsters"), who are also heirs to the Deceased's estate, "committed fraud in the administration of the Estate… by concealing the [Deceased] Accounts, and by making unauthorized transfers from [the accounts] for their own benefit." *Id.* The Applicants now seek discovery related to the Deceased and the Fraudster's American bank accounts to uncover evidence of the alleged fraud and present the evidence to the Argentinean court before it renders its ruling on the final distribution of the Deceased's estate.

Case No. 24-mc-23740-BLOOM/Elfenbein

This Application was filed ex parte; as such, there is no opposition by the proposed witnesses or any other interested party to the Argentinean proceedings. *See generally* ECF No. [1].

## II.    DISCUSSION

As a preliminary matter, the Court is not concerned that the Application was filed ex parte. Courts within this district routinely find ex parte applications for discovery under 28 U.S.C. § 1782 proper. *See In re Application of Alves Braga*, 789 F. Supp. 1294, 1303 (S.D. Fla. 2011) ("There is nothing inappropriate about an *ex parte* application under [28 U.S.C. § 1782]"); *In re Alianza Fiduciaria S.A.*, No. 13–81002–MC, 2013 WL 6225179, at *2 (S.D. Fla. Oct. 24, 2013) (concluding that ruling on the ex parte application for discovery was appropriate) (citing *In re Clerici*, 481 F.3d at 1331-32; *In re Pinchuk*, No. 13–22857, No. 13–22857–MC, 2013 WL 5574342 (S.D. Fla. Sept. 20, 2013)). Therefore, the Court will proceed to the merits.

"Beginning in 1948, 'Congress substantially broadened the scope of assistance federal courts could provide for foreign proceeding'" by enacting 28 U.S.C. § 1782. *In re Clerici*, 481 F.3d 1324, 1331 (11th Cir. 2007) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247–48 (2004)). Under § 1782, "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal," and such "order may be made…upon the application of any interested person." While "Congress has given the district courts [ ] broad discretion in granting judicial assistance to foreign countries" under § 1782, the following four statutory requirements must be satisfied before a district court may grant a request for judicial assistance:

> (1) the request must be made "by a foreign or international tribunal," or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal";

and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.
*In re Clerici*, 481 F.3d at 1331 (quoting 28 U.S.C. § 1782(a)).

Here, all four of the § 1782 statutory requirements have been satisfied. The Applicants are certainly "interested persons" to the probate proceedings as the Applicants are heirs to the estate in question and, therefore, stand to benefit from the proceedings pending a final distribution of the deceased's assets. *See In re: Application of Bracha Foundation*, 663 F. App'x 755, 762 (11th Cir. 2016).  (explaining "[t]he text of § 1782(a) ... plainly reaches beyond the universe of persons designated 'litigant,'" and that a person who played a significant role in the proceeding and retained significant procedural rights possessed a reasonable interest in obtaining judicial assistance) (quoting *Intel*, 542 U.S. at 256). The Application also satisfies the second and third requirements as the Applicants seek to obtain witness testimony and the production of financial documents and records relevant to the Deceased's estate in order to assist in the probate proceeding currently pending before a civil court in Buenos Aires, Argentina. *See In re Application of Mesa Power Group, LLC*, 878 F. Supp. 2d 1296, 1302 (S.D. Fla. 2012) (concluding the second factor was satisfied where the applicant sought evidence "in the form of document production and deposition testimony.") Finally, the fourth statutory requirement is satisfied as the proposed witnesses reside or may all be found within this District. The Applicants assert that the proposed witnesses not only maintain offices in the Southern District of Florida but also list a mailing address within this District. *See Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1269 (11th Cir. 2014) ("the application seeks discovery from JAS USA, which has an office and does business in Miami and is therefore 'found in the district of the district court ruling on the application for assistance'—namely, the Southern District of Florida."). Accordingly, because all four statutory requirements have been satisfied, the

Court has the authority to grant the Applicants' request for assistance. *See In re: Application of Bracha Foundation*, 663 F. App'x at 757.

"Even so, 'a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so.'" *In re Clerici*, 481 F.3d at 1334 (quoting *Intel Corp.*, 542 U.S. at 264). In deciding whether assistance is appropriate, the United States Supreme Court in *Intel* provided four factors a district court should consider when reviewing a § 1782 application. Those factors are as follows: "(1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding,' (2) 'the character of the proceedings underway abroad,' (3) whether the request 'conceals an attempt to circumvent foreign proof-gathering restrictions or other policies,' and (4) whether the request is 'unduly burdensome and intrusive.'" *In re Application of Alves Braga*, 789 F. Supp. 1294, 1304 (S.D. Fla. 2011) (quoting *Intel Corp.*, 542 U.S. at 264-65).

Regarding the first *Intel* factor, the proposed witnesses in question are various banks and financial institutions located in the United States. The Applicants maintain that these institutions are neither parties nor participants in the Argentinean proceedings, and therefore, the Applicants would not be able to obtain discovery from the proposed witnesses in Argentina. Because the witnesses are not participants in the Argentinean proceedings and are not located in Argentina, the Court finds the first *Intel* factor counsels in favor of granting the Application. *See In re Clerici*, 481 F.3d at 1334; *see also In re: Application of Bracha Foundation*, 663 F. App'x at 764 (affirming district court's finding that the first *Intel* factor favored granting the § 1782 application "because the entity from whom discovery [was] sought, Regions Bank, was not a participant in the foreign proceeding").

"Under the second *Intel* factor, the Court considers 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance.'" *In re Pons*, 614 F. Supp. 3d 1134, 1150 (S.D. Fla. 2020). "In examining the second *Intel* factor, the court looks at whether authoritative proof exists that a foreign court would reject evidence obtained with the aid of § 1782." *In re Rendon*, Case No. 1:20-mc-21152, 2020 WL 8771274, at *5 (S.D. Fla. Nov. 5, 2020). The Applicants argue that the proposed discovery will aid the Argentinean court in uncovering all the evidence necessary to determine the appropriate distribution of the Deceased's estate. *See* ECF No. [1-3] at 12. Moreover, "Argentina is a signatory to the Hague Convention," and there is no statute or case law indicating that Argentinean courts would be opposed to assistance from a United States federal court. *See id.* Since there no evidence indicating the Argentinean Court would not be receptive to assistance from this Court, the second *Intel* factor favors granting the application for assistance. *See In re Rendon*, 2020 WL 8771274, at *5 ("As there is no evidence that the SIC or Colombian courts would not be receptive, then 'a district court's ruling should be informed by Section 1782's overarching interest in providing equitable and efficacious procedure for the benefit of tribunals and litigants....'") (quoting *In re Jagodzinski*, Case No. 18-20606, 2019 WL 1112389 at * (S.D. Fla. Ja. 15, 2019) (additional level of quotation and citations omitted).

There is also no indication that the Applicants are seeking to circumvent foreign proof-gathering restrictions or other policies of Argentina. Instead, the Applicants contend their request is consistent with Argentinean rules as the discovery request will help uncover assets that the "Fraudsters failed to disclose in the Foreign Proceedings" and which "the Fraudsters took active steps to hide [ ] from the Argenti[nean] Court and the Applicants." ECF No. [1-3] at 12. Based on the Applicants' representations, the third *Intel* factor is satisfied. *See In re Application of Mesa*

*Power Group, LLC*, 878 F. Supp. 2d 1296, 1305 (S.D. Fla. 2012) ("Absent a persuasive showing that a section 1782 applicant like Mesa Power is actively seeking to circumvent the foreign tribunal's discovery methods and restricts,…this [third] [*Intel*] factor does not counsel against section 1782 relief.").

The fourth and final *Intel* factor is satisfied as well. The discovery request is narrowly tailored as the request is "limited to information regarding potential financial assets of the Deceased" dating back to 2012 and involves no other potential clients beyond the Habibs. ECF No. [1-3] at 12; s*ee In re Application of Mesa Power Group, LLC*, 878 F. Supp. 2d at 1306 ("[N]o undue burden exists because the discovery requests being compelled through this Order are sufficiently tailored."); *In re Application of FG Wilson (Engineering) Limited for Ex Part Order to Obtain Discovery for Use in Foreign Proceedings*, 10-20839 (S.D. Fla. Mar. 2013) (ECF No. [5]). Moreover, as the applicants correctly point out, "the Witnesses likely maintain these records as a core part of their business records and, thus, they may search easily for, and produce them, at low cost and insignificant inconvenience." ECF No. [1-3] at 13. While the witnesses may later challenge the scope of the subpoenas or the burden the subpoenas may pose, the Court is satisfied at this juncture that the Applicants' request is appropriate. *See Application of Consorcio Ecuatoriano de Telecomunicaciones S.A.*, 747 F.3d at 1269 ("The Supreme Court in *Intel* added that 'unduly intrusive or burdensome requests may be rejected or trimmed.'"). Consequently, the Court finds that the fourth factor weighs in favor of granting the request. Seeing as all four *Intel* factors weigh in favor of granting the Application for judicial assistance, the Applicants' request is granted.

## III.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Application for Discovery pursuant to 28 U.S.C. § 1782, **ECF No. [1]**, is

Case No. 24-mc-23740-BLOOM/Elfenbein

**GRANTED**.

2.  M. Paula Aguila, Esq., counsel for Madeleine Habib, Tomas Habib, and Agustina Habib, is authorized to issue and serve subpoenas upon: UBS AG, J.P. Morgan Chase & Co., BankFlorida, Bank of America, Julius Baer Group, Zurcher Kantonalbank, Morgan Stanley Investment Banking, Morgan Stanley Wealth Management and the Royal Bank of Canada (collectively, the "Financial Institutions"), related to any accounts, individual or joint, under the names of Hector Hugo Habib ("H. Habib" or the "Deceased"), Gustavo Carlos Habib ("G. Habib"), or Marta Carolina Habib ("M. Habib") and upon any other financial institution within the jurisdiction of this Court, into which funds were transferred from the Financial Institutions, including documents related to those transfers (collectively, the "Habib Accounts").

3.  The taking of such discovery shall adhere to the Federal Rules of Civil Procedure.

4.  A copy of this Order shall be served with each discovery demand.

5.   The Court shall retain jurisdiction over this matter for the purpose of enforcing this Order.

6.  The Clerk is directed to **CLOSE** this case.

7.  To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, and all pending motions are **DENIED AS MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 5, 2024.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record